**Canales v Noble Constr. Group, LLC**

2024 NY Slip Op 33844(U)

October 28, 2024

Supreme Court, New York County

Docket Number: Index No. 161247/2019

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. ARLENE P. BLUTH</u>       PART           14

*Justice*

-----------------------------------------------------------------------------X

JOSE N. CANALES,

                Plaintiff,

- v -

NOBLE CONSTRUCTION GROUP, LLC, 350 EAST
HOUSTON LLC,

                Defendants.

-----------------------------------------------------------------------------X

NOBLE CONSTRUCTION GROUP, LLC, 350 EAST
HOUSTON LLC

                Plaintiff,

-against-

C & L CONCRETE CORP.

                Defendant.

-----------------------------------------------------------------------------X

NOBLE CONSTRUCTION GROUP, LLC, 350 EAST
HOUSTON LLC

                Plaintiff,

-against-

TEAM ELECTRIC INC., TEAM ELECTRIC CORP.

                Defendant.

-----------------------------------------------------------------------------X

C & L CONCRETE CORP.

                Plaintiff,

-against-

TEAM ELECTRIC INC., TEAM ELECTRIC CORP.

                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161247/2019 |
| MOTION DATE | 10/23/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595182/2020

Second Third-Party
Index No. 595970/2021

Third Third-Party
Index No. 596029/2021

**161247/2019  CANALES, JOSE N. vs. NOBLE CONSTRUCTION GROUP, LLC**         **Page 1 of 5**
**Motion No.  002**

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 002) 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100

were read on this motion to/for       VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR    .

Second third-party defendants and third third-party defendants Team Electric, Inc. and Team Electric Corp.'s (collectively, "Team Electric") motion to vacate the note of issue and to extend the time to file dispositive motions is denied. However, as detailed below, plaintiff must appear for the February 2025 IME.

**Background**

In this Labor Law case, Team Electric seeks to strike the note of issue filed by plaintiff in September 2024. It points out that plaintiff is scheduled to appear for an IME in February 2025. Team Electric also demands that plaintiff appear for a further deposition related to recent shoulder surgery.

In opposition, plaintiff points out that the aforementioned shoulder surgery took place in November 2022 and that he supplemented his bill of particulars about this surgery in May 2023. Plaintiff also argues that the purported further deposition has never been noticed nor included in a discovery order. He also details issues with the IME. Plaintiff argues that he received a letter designating a doctor for this IME in June 2024 that did not identify a specific date for the appointment. He insists that his counsel then sent a letter in June 2024 observing that no date was picked. When plaintiff received no response, his counsel sent another letter in August 2024 before finally receiving a letter in September 2024 that set the appointment for February 2025.

In reply, Team Electric claims that it was in active discussions with plaintiff about discovery when plaintiff sent an update to the Court that expressed that discovery was nearly

**161247/2019   CANALES, JOSE N. vs. NOBLE CONSTRUCTION GROUP, LLC**
**Motion No.  002**

**Page 2 of 5**

complete (save for the February 2025 IME). It insists that its counsel requested time to review the file and suggest dates for a further deposition of plaintiff.

**Discussion**

The Court denies the branch of the motion that seeks to strike the note of issue. The pending IME can be conducted even as the case remains on the trial calendar (*Cabrera v Abaev*, 150 AD3d 588, 588, 55 NYS3d 207 [1st Dept 2017] [permitting an IME to go forward without striking the note of issue]). "Trial courts are authorized, as a matter of discretion, to permit post-note of issue discovery without vacating the note of issue, so long as neither party will be prejudiced" (*id*.). As plaintiff points out, this IME will relate primarily to damages and will have little impact on any forthcoming dispositive motions in this Labor Law case. Therefore, there is no reason to strike the note of issue.

The Court also observes that the circumstances surrounding the date for the IME compel the Court to deny the request to vacate the note of issue. The specific doctor was designated in June 2024 without any date selected. Following that curious omission, plaintiff included letters detailing his efforts to pick a specific date. It took, apparently, until September for a date to be included in the IME notice and, for reasons that are not entirely clear, a February 2025 appointment date was picked. An email between the parties from June 2024 suggests that the "doctor will not schedule the exam until he gets paid" (NYSCEF Doc. No. 87). Understandably, plaintiff's counsel expressed in a September 2024 email that he wanted to file the note of issue rather than wait five months to hold an IME (NYSCEF Doc. No. 89 at 4). No adequate reason was provided in these papers for why an IME designated (albeit without a date) in June 2024 has to be held in February 2025.

**161247/2019   CANALES, JOSE N. vs. NOBLE CONSTRUCTION GROUP, LLC**
**Motion No. 002**

**Page 3 of 5**

3 of 5

The second purportedly outstanding discovery issue is another deposition of plaintiff. The Court denies Team Electric's request to strike the note of issue based on this purportedly pending deposition and rejects the request for this deposition. As plaintiff pointed out in opposition, this deposition was never noticed. Parties merely "reserved their right to a further deposition" in a discovery stipulation in June 2024 (NYSCEF Doc. No. 77). Team Electric did not dispute the fact that it never noticed this deposition despite the fact that the subject matter of this deposition concerns a surgery from November 2022 and a supplemental bill of particulars in May 2023. Clearly, this deposition was not a priority for Team Electric as it never demanded it either in a formal deposition notice or in a discovery order. Nor did it provide an adequate reason for this delay. Merely reserving a right to take a deposition is not a basis to strike the note of issue given how much time has passed.

Team Electric's counsel's assertion that plaintiff should have waited while Team Electric suggested dates for this deposition does not compel a different outcome. The email correspondence cited by Team Electric suggested that it would propose dates for a deposition the following day and that the deposition would ideally happen within 30-45 days (NYSCEF Doc. No. 89 at 3). Of course, the problem with that email is that the deadline for updating the Court about the status of discovery was that very day; waiting until the next day would violate a Court order.

The Court also observes that plaintiff uploaded its discovery update to the Court prior to this email about possible deposition dates and stressed that as of the filing of the letter, only the February 2025 IME remained outstanding (NYSCEF Doc. No. 78). That is, counsel for Team Electric had not yet requested time to propose deposition dates. Obviously, plaintiff's counsel filing of the letter was an attempt to comply with the Court's deadline. And if there was an

**161247/2019   CANALES, JOSE N. vs. NOBLE CONSTRUCTION GROUP, LLC**
**Motion No. 002**

**Page 4 of 5**

outstanding deposition, then it was counsel for Team Electric's duty to inform the Court as required by the Court's rules. Clearly, this purported deposition was not really important as everyone knew about the shoulder surgery for well over a year and no one noticed or actively pursued a deposition.

**Summary**

The aforementioned discovery history details a clear roadmap to delay a case. This matter has now been pending for nearly five years. And despite counsel for plaintiff's clear desire to file a note of issue (the Court vacated a prior note of issue filed by plaintiff in March 2024), Team Electric did nothing to pursue the deposition it now claims is necessary despite knowing about the subject matter (the 2022 surgery) for more than a year. The record on this motion shows that on the day of the Court's deadline, Team Electric vaguely asserted it wanted a further deposition of plaintiff at some point in the next month or so. The Court cannot condone these litigation tactics which have the effect of dragging this case on and on. Plaintiff is entitled to move this case forward.

Accordingly, it is hereby

ORDERED that Team Electric's motion is denied in all respects except that plaintiff must appear for the February 2025 IME referenced in these papers.

| 10/28/2024 | | | |
|---|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161247/2019  CANALES, JOSE N. vs. NOBLE CONSTRUCTION GROUP, LLC**
**Motion No.  002**

**Page 5 of 5**